# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ERELSON JAMES WARNER,**

    **Plaintiff,**

**vs.**                                        **Case No. 4:17cv105-MW/CAS**

**LAURA VARBLE, and the**
**TALLAHASSEE POLICE DEPT.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by filing a § 1983 complaint, ECF No. 1, and a motion seeking leave to proceed in forma pauperis. ECF No. 2. Plaintiff's motion was granted and after review of the complaint, Plaintiff was required to file an amended complaint by April 28, 2017. ECF No. 4. Plaintiff was specifically warned that if he did not comply with that Order, a recommendation may be made to dismiss this case. ECF No. 4.

As of this date, Plaintiff has not complied with that Order. "A district court, as part of its inherent power to manage its own docket, may dismiss

a case sua sponte for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b)."[1] Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The local rules of this Court also provide that if "a party fails to comply with . . . a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken." N.D. Fla. Loc. R. 41.1. Accordingly, as it appears that Plaintiff has abandoned this litigation, this case should now be dismissed for failure to prosecute and comply with a Court Order.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on May 2, 2017.

          S/   Charles A. Stampelos
          **CHARLES A. STAMPELOS**
          **UNITED STATES MAGISTRATE JUDGE**

---

[1] Rule 41(b) provides that if a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

Case No. 4:17cv105-MW/CAS

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.